ALAN L. WILLIAMS, ESQ. (CBN 58638)
Law Offices of Alan L. Williams
Fifth Avenue Financial Centre
2550 Fifth Avenue, Suite 520
San Diego, CA 92103
Telephone: (619) 296-0196
Facsimile:  (619) 296-2982

Attorney for Plaintiff Elaine Gallagher

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE GALLAGHER,<br><br>PLAINTIFF,<br><br>V.<br><br>TIMOTHY ROBERTS, an individual, PANAMA REAL ESTATE VENTURES, INC., a corporation, PANAMA REAL ESTATE VENTURES, LLC, a Delaware Limited Liability Company, PANAMA REAL ESTATE FUND NO. 2, LLC, a Delaware Limited Liability Company, MICHAEL GALLAGHER and Does 1-30, inclusive,<br><br>Defendants. | CASE NO. **'16CV1437 BEN DHB**<br><br>COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elaine Gallagher ("Elaine Gallagher" or "Plaintiff") and for causes of action against Defendants alleges as follows:

## I.    INTRODUCTION

This action arises from an investment Timothy Roberts procured from Plaintiff and her former husband, Michael Gallagher in the original amount of $250,000.00 in

2009 that was to be applied to purchase an interest in an entity to be formed which would purchase for development or resale a parcel of beachfront real property in the Republic of Panama. Roberts promised Plaintiff a significant return on what was to be a 6-month investment. The transaction did not close by the date promised nor at any time since, although Roberts continually advised Plaintiff that closing was imminent. Plaintiff demanded return of her investment but Roberts and the related defendants have refused.

## II.   PARTIES

1. Plaintiff Elaine Gallagher is a resident of the County of San Diego, State of California.

2. Defendant Timothy Roberts ("Roberts") is a resident of the County of Orange, State of California.

3. Plaintiff is informed and believes and on such ground alleges that Defendant Panama Real Estate Ventures, Inc. is a corporation purportedly organized and existing under the laws of the Republic of Panama with its principal place of business located within the State of California. Plaintiff is further informed and believes and on such ground alleges that Defendant Roberts is a controlling officer, director and shareholder of Defendant Panama Real Estate Ventures, Inc.

4. Plaintiff is informed and believes and on such ground alleges that Defendant Panama Real Estate Ventures, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located within the State of California. Plaintiff is further informed and believes and on such ground alleges that Defendant Roberts is a controlling manager and member of Defendant Panama Real Estate Ventures, LLC.

5. Plaintiff is informed and believes and on such ground alleges that Defendant Panama Real Estate Fund No. 2 LLC is a limited liability company organized and

2

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

existing under the laws of the State of Delaware with its principal place of business located within the State of California. Plaintiff is further informed and believes and on such ground alleges that Defendant Roberts is a controlling manager and member of Defendant Panama Real Estate Fund No. 2, LLC.

6. Defendant Michael Gallagher is the former husband of Plaintiff, has an interest in the outcome of this litigation and is therefore a necessary party to this litigation. Plaintiff names Michael Gallagher as a defendant for the sole purpose of having all necessary parties before the Court. Throughout this complaint, Plaintiff and Michael Gallagher will be collectively referred to as "the Gallaghers".

7. Plaintiff is unaware of the names, identities and capacities of the defendants sued in this complaint as Does 1-30, inclusive and for that reason sues such defendants by their fictitious names. Plaintiff will amend this complaint, with leave of court if necessary, when the names, identities and capacities of the defendants sued as "Doe" become known. Each defendant sued as "Doe" is responsible in some manner for the injuries and losses suffered by Plaintiff as described in this complaint.

8. With the exception of Defendant Michael Gallagher, each defendant was the agent and servant of the remaining defendants and performed each act complained of in furtherance of that agency. Each principal ratified the act of each agent. Throughout this complaint the term "All Defendants" shall refer to all defendants except Michael Gallagher.

9. Plaintiff is informed and believes and on that ground alleges that each entity defendant named in this action was a co-venturer with Defendant Roberts and a participant in and beneficiary of the acts complained of.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy involves federal questions under the Securities Act of 1933 and the Securities Exchange Act of 1934. This Court has supplemental

3

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

jurisdiction over Plaintiff's State Law causes of action pursuant to 28 U.S.C. § 1367 because Plaintiff's State Law causes of action are so closely interrelated to Plaintiff's Federal Law causes of action as to form part of the same case or controversy. The amount in controversy exceeds $75,000.00.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

### III. GENERAL ALLEGATIONS

12. Plaintiff is a real estate salesperson licensed as such by the State of California. Plaintiff's specialty is residential real estate sales. Plaintiff has, and at no time relevant to this complaint had, experience in real estate subdivision development, particularly real estate subdivision development in other countries. At all times relevant to the complaint and now, Plaintiff was an is a resident of San Diego County, California.

13. Until March 22, 2013, Plaintiff was married to Defendant Michael Gallagher; that marriage was terminated by dissolution. Defendant Michael Gallagher is a real estate salesperson licensed as such by the State of California. Defendant Michael Gallagher's specialty is residential real estate sales. Defendant Michael Gallagher has, and at no time relevant to this complaint had, experience in real estate subdivision development, particularly real estate subdivision development in other countries. At all times relevant to the complaint Michael Gallagher was a resident of San Diego County, California

14. In 2008, Michael O'Riordan ("O'Riordan), whom the Gallaghers knew to be a person with all the trappings of wealth and success including numerous luxury homes, luxury vehicles, race horses and the like introduced the Gallaghers to Roberts, whom O'Riordan described as a "smart investor". O'Riordan represented to the Gallaghers that Roberts was his "best friend".

15. On or about November 12, 2008, Roberts sent the Gallaghers an email to San

4

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

Diego County that forwarded a newspaper article entitled "Panama, A Top Notch Place to Do Business on 2009".

16. Roberts subsequently met with the Gallaghers in San Diego County and advised the Gallaghers that he was forming an entity to purchase a large parcel of seaside real property in Panama (the "Panama Property") and offered the Gallaghers a 25% interest in the entity for a cash consideration of $250,000.00. Roberts explained that escrow for the purchase of the Panama Property would close within 3 to 6 months with the Gallaghers receiving a return of 100% of their initial investment while also owning a 25% interest in the entity that owned the Panama Property.

17. Roberts' representations to induce the Gallaghers to invest in his scheme were oral in nature; at no time did Roberts provide the Gallaghers disclosure documentation sufficient or appropriate to advise the Gallaghers of the substantive nature of the investments, the risks, the business plan, pro formas or the other indicia of disclosure expected of the issuers of private placement securities.

18. Encouraged by O'Riordan in San Diego County that Roberts was presenting a good deal that the Gallaghers would make a lot of money on, in late 2009 the Gallaghers invested $250,000.00 by entrusting the funds to Roberts.

19. The Gallaghers instructed Roberts to vest their interest in the entity to be formed in the Gallagher's Family Trust. In 2013, the Gallaghers dissolved their marriage. In connection with the dissolution of their marriage, the Gallaghers revoked their Family Trust and vested Elaine Gallagher and Michael Gallagher each with an interest in half the investment and its proceeds.

20. When the Gallaghers did not receive and share certificates, membership certificates or other indicia of ownership in the entity to be formed subsequent to giving their money to Roberts, they inquired of the status of the entity. Roberts replied that the attorney he had hired to form the corporation/LLC had "dropped

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

the ball". Although the Gallaghers never received any indicia of ownership, Roberts represented that their ownership was in Defendant Panama Real Estate Fund #2. LLC. Roberts did not form Defendant Panama Real Estate Fund #2 until January 25, 2011, more than a year after he took the Gallaghers' money for what was to be a 6-month investment.

21. When the Gallaghers did not receive the return of their initial investment after six months, they began to inquire of Roberts. Then the excuses started coming; title problems, lawsuits, other legal problems, difficult sellers, but each time assuring the Gallaghers that the deal was solid and would close. To induce the Gallaghers to stay in the project, commencing in 2010 and continuing to 2016, Roberts, on behalf of himself and the other defendants, began furnishing the Gallaghers with engineering drawings of the proposed development, elevation drawings, lists of amenities that were being added to the development and the like. Roberts offered additional inducements such as an additional $200,000.00 payment over and above the return of the original $250,000.00, in addition to a 25% ownership in the original property (identified by Roberts as Coca Vista 1), a 33% interest in Coca Vista 2, an adjoining property as well as a premier ocean front lot in Coca Vista 2.

22. Plaintiff is informed and believes and on such ground alleges that Panama Real Estate Fund No. 2 did not execute a contract to purportedly purchase the Panama Property until August 7, 2015.

23. In order to induce the Gallaghers to remain in the transaction and to convince them that their money was "safe", Roberts provided s Verification of Deposit letter from California Bank and Trust, dated August 27, 2015, verifying funds on deposit in the name of Panama Real Estate Fund No. 2 in the amount of $2,000,000.00. The account detail showed that the bank opened that account on August 27, 2015, the date of the letter.

24. Plaintiff has made repeated demands for refund of the $250,000.00 but those demands have been refused.

6

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

## IV. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### [Against All Defendants for Violation of the Securities Act of 1933]

25. Plaintiff incorporates by reference and realleges each of the allegations set forth above.

26. Securities sold in the United States that are not registered with the Securities and Exchange Commission ("SEC") must conform to the disclosure provisions of SEC Regulation D (Reg D").

27. Among its multiple requirements are that issuers receive confirmation and evidence that investors purchasing Reg D securities are qualified to do so under the so called "qualified", "sophisticated" or "accredited" investor guidelines and rules.

28. Further, under Tule 502 of said Reg D, unregistered securities sold to unaccredited investors must be preceded by disclosures that approximate that which would be disclosed in a formal registration.

29. The securities issued by defendant corporations and/or LLCs, as directed by Roberts, acting as officers, directors and/or managing member did not qualify for any exemption from the disclosure rules of Reg D.

30. Defendants did not make adequate disclosure to the Gallaghers before they purchased their securities.

31. The Defendants, having sold securities to the Gallaghers, thereafter withheld material information from the Gallaghers that misled them as to the status of their investments.

32. As a result of their failure to comply with the Securities Act of 1933, inclusive of Reg D, defendants have been damaged in the amount of $250,000.00 together

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

Law Offices of Alan L. Williams
Fifth Avenue Financial Centre
2550 Fifth Avenue, Suite 520
San Diego, CA 92103
(619) 296-0196

with interest according to proof.

## SECOND CLAIM FOR RELIEF

**[For An Accounting, against All Defendants]**

33. Plaintiff realleges and incorporates by reference each of the allegations set forth above.

34. From the inception of their investment in 2009 to the present, the Gallaghers never received an explanation or documentation of their investment.

35. The few items of information provided by Roberts have been inconsistent, incomplete and in some cases contradictory.

36. As a person purporting to be an investment advisor and an investing partner, Roberts had a duty to account to the Gallaghers for the whereabouts and details of the funds invested through him.

37. As corporations, officers, directors and managing members taking funds from the Gallaghers under the cloak of Regulation D of the Securities Act of 1933, defendants owed but never provided substantial reporting and disclosure information to the Gallaghers.

38. Plaintiff is entitled to a full accounting, to be provided within 30 days of entry of judgment, and such other relief as the Court deems equitable.

## THIRD CLAIM FOR RELIEF

**[Against All Defendants-For Rescission-State Securities Law Violation, Cal. Corp. Code §25501.5]**

39. Plaintiff realleges and incorporates by reference each of the allegations set forth above.

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

40. The sale of shares constituted an issuer transaction in that it was part of an initial offering of stock for capitalization purposes. At the time of the Gallagher's acquisition the sale was subject to qualification, was not exempt from qualification, and was not and to the date of this complaint has not been qualified as any kind of securities transaction with the California Commissioner of Business Oversight.

41. As a result of the above- described acts, Defendants, and each of them are liable to Plaintiff who is entitled to, and herby does rescind the above described purchase. Before entry of judgment, Plaintiff will tender to Defendants any indicia of ownership of the shares or other interests, which Defendants allegedly sold as alleged above.

42. California Corporations Code §25501.5 requires that transactions in violations of its provisions be rescinded and that all funds invested in violation thereof e returned to the investor, with interest t the legal rate, and that the investors' attorney fees be included, at the Court's discretion.

**FOURTH CLAIM FOR RELIEF**

**[Against Defendant Roberts, For Fraud]**

43. Plaintiff realleges and incorporates by reference each of the allegations set forth above.

44. When Roberts made the representations to the Gallaghers as alleged above, he knew that the representations he made in order to induce the Gallaghers to part with $250,000.00 were false. In reliance on those representations, the Gallaghers gave Roberts $250,000.00 with the expectation of the return of their investment within the 3-6 month time frame promised by Roberts.

45. In reliance on Roberts' representations, the Gallaghers gave him $250,000.00 to invest in the entity to be formed to purchase the Panama Property.

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

46. Roberts, through a series of additional representations as more fully alleged above, continued to perpetrate the misrepresentations and prevent Plaintiff from discovering the truth, providing her with information as late as 2016 to, in essence, keep her in the deal.

47. The Gallaghers were entitled to rely on Roberts' representations because of the recommendation of O'Riordan, who the Gallaghers believed was a person of substantial worth and business acumen.

48. By virtue of the foregoing, Plaintiff has been damaged in the amount of $250,000.00 plus interest at the lawful rate according to proof.

49. By virtue of his fraudulent conduct, Roberts should be subjected to punitive damages in in an amount sufficient to punish Roberts and by way of example.

### V. PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

FIRST CLAIM FOR RELIEF:

1. For money damages in the amount of $250,000.00 together with interest at the lawful rate according to proof.

SECOND CLAIM FOR RELIEF:

1. For a full accounting to be provided within 30 days of entry of judgment.

THIRD CLAIM FOR RELIEF:

1. For an order rescinding the original purchase and restoring $250,000.00 to Plaintiff together with interest at the lawful rate according to proof.

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD

FOURTH CLAIM FOR RELIEF:

1. For monetary damages in the amount of $250,000.00 together with interest at the lawful rate according to proof.

2. For punitive damages as punishment and by way of example.

ON EACH CLAIM FOR RELIEF:

1. For reasonable attorney fees to the extent allowed by law;

2. For costs of suit; and

3. For such other and further relief as the Court deems just and proper.

Dated:  June 8, 2016          LAW OFFICES OF ALAN L. WILLIAMS

                    By:    /s/ Alan L. Williams
                           Alan L. Williams, Attorney for Plaintiff Elaine Gallagher

COMPLAINT FOR VIOLATION OF THE SECURITES ACT OF 1933, FOR AN ACCOUNTING, FOR RESCISSION AND FOR FRAUD