1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   ELAINE GALLAGHER,                    Case No.: 3:16-cv-01437-BEN-DHB

12                            Plaintiff,
                                          **ORDER GRANTING MOTION TO**
13   v.                                   **DISMISS**

14   TIMOTHY ROBERTS, an individual;
     PANAMA REAL ESTATE VENTURES,
15   INC., a corporation; PANAMA REAL
     ESTATE VENTURES, LLC, a Delaware
16   Limited Liability Company; PANAMA
     REAL ESTATE FUND NO. 2, LLC, a
17
     Delaware Limited Liability Company;
18   MICHAEL GALLAGHER and DOES 1-
     30, inclusive,
19
20                           Defendants.

21

22        Now before the Court is a motion to dismiss brought by Defendants Timothy

23   Roberts, Panama Real Estate Ventures, Inc., and Panama Real Estate Fund No. 2, LLC.[1]

24

25   _____

26   [1] Two Defendants do not join the motion to dismiss:  Michael Gallagher and Panama
27   Real Estate Ventures, LLC.  Michael Gallagher is added only as a necessary party
     because he has an interest in the outcome of this litigation.  (Compl. ¶ 6.)  Michael
28   Gallagher has not responded to the Complaint.  Defendant Panama Real Estate Ventures,

                                          1

(Mot., ECF No. 10.)  Plaintiff opposed.  (Opp'n, ECF No. 13.)  For the reasons stated below, the Court **GRANTS** the motion to dismiss.

### BACKGROUND[2]

Plaintiff Elaine Gallagher ("Plaintiff" or "Elaine Gallagher") and her former husband, Michael Gallagher,[3] are both real estate sales people.  (Compl. ¶¶ 12-13.)  In 2008, when the Gallaghers were still married, Michael O'Riordan introduced them to Defendant Timothy Roberts.  (*Id.* ¶ 14.)  The Gallaghers understood O'Riordan to be a wealthy, successful man, who described Roberts as a "smart investor" and his "best friend."  (*Id.*)  At some point, Roberts met with the Gallaghers and advised them about a real estate investment in Panama.  (*Id.* ¶ 16.)  Roberts intended to form an entity that would purchase a large parcel of seaside property in the Republic of Panama (the "Panama Property").  (*Id.*)  Roberts offered the Gallaghers a 25% interest in the entity for cash consideration of $250,000.  (*Id.*)  He explained that after escrow closed in three to six months, the Gallaghers would receive a return of 100% of their initial investment and own a 25% interest in the entity.  (*Id.*; *see also* ¶ 21.)  Roberts did not provide the Gallaghers with a business plan or any documentation on the nature, risks, or projected figures of the investment.  (*Id.* ¶ 17.)

In late 2009, the Gallaghers agreed to make the investment and entrusted $250,000 to Roberts.  (*Id.* ¶ 18.)  Elaine Gallagher and Michael Gallagher each have a 50% interest in the investment and its proceeds.  (*Id.* ¶ 19.)  The Gallaghers never received any indicia of ownership in the entity, but Roberts represented that their ownership was in Defendant

---

LLC also has not responded to the Complaint.  The Complaint fails to state any facts as to Panama Real Estate Ventures, LLC.

[2] The Court is not making any findings of fact, but rather, summarizing the relevant allegations of the Complaint for purposes of evaluating Defendants' Motion to Dismiss.

[3] Throughout the Complaint, Plaintiff refers to herself and Michael Gallagher collectively as "the Gallaghers."  Plaintiff uses the term "all Defendants" to refer to all Defendants except Michael Gallagher.  This Court will adopt the same terminology in describing the allegations of the Complaint.

1  Panama Real Estate Fund No. 2, LLC ("Fund No. 2"). (*Id.* ¶ 20.) Roberts formed Fund

2  No. 2 in January 25, 2011, more than a year after he received the Gallaghers' money.

3  (*Id.*)

4      When the Gallaghers did not receive the return of their initial investment after six

5  months, they began to inquire of Roberts. (*Id.* ¶ 21.) Roberts assured the Gallaghers that

6  the property purchase would close and blamed title problems, legal issues, and difficult

7  sellers for the delay. (*Id.*) Beginning in 2010 and continuing to 2016, Roberts provided

8  the Gallaghers with engineering drawings of the proposed development of the land,

9  elevation drawings, and lists of the amenities that would be added to the development.

10  (*Id.*) In addition to the 25% interest in the Panama Property, Roberts offered the

11  Gallaghers an additional $200,000 payment over and above the return of the original

12  $250,000, a 33% interest in a second property, and an oceanfront lot on the second

13  property. (*Id.*) Almost five years after the Gallaghers' investment, Fund No. 2 executed

14  a contract to purchase the Panama Property on August 7, 2015. (*Id.* ¶ 22.)

15      Plaintiff has repeatedly demanded the return of the $250,000, but her demands

16  have been refused. She now brings suit, alleging four claims for relief. Her first claim

17  for relief alleges a violation of the Securities Act of 1933 against all Defendants. Her

18  second claim for relief seeks an accounting against all Defendants. The third claim for

19  relief seeks rescission of the purchase under California securities law against all

20  Defendants. The fourth claim for relief alleges fraud against Defendant Roberts.

21  Defendants Roberts, Panama Real Estate Ventures, Inc., and Panama Real Estate Fund

22  No. 2, LLC move to dismiss for lack personal jurisdiction pursuant to Federal Rule of

23  Civil Procedure 12(b)(2), for failure to state a claim pursuant to Federal Rule of Civil

24  Procedure 12(b)(6), and for failing to plead fraud with particularity pursuant to Federal

25  Rule of Civil Procedure 9(b).

26                                    **DISCUSSION**

27  **I.      Personal Jurisdiction**

28      Defendants move to dismiss Defendant Panama Real Estate Ventures, Inc. for lack

of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff alleges that Panama Real Estate Ventures, Inc. is a corporation organized and existing under the laws of the Republic of Panama, but that its principal place of business is the State of California. (Compl. ¶ 3.) Defendants counter that the company is organized and has its principal place of business in Panama, and that it does not have sufficient contacts with the State of California. (Opp'n at 5.)

A federal court may only exercise personal jurisdiction where such jurisdiction satisfies both the forum state's long-arm statute and constitutional principles of due process. *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001). Because California's long-arm statute permits the exercise of jurisdiction to the fullest extent permitted by the U.S. Constitution, the only question the Court must answer is whether the exercise of jurisdiction over Defendant Panama Real Estate Ventures, Inc. would be consistent with due process. *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). The traditional bases of personal jurisdiction that comport with due process are service while physically present in the forum, domicile, or consent. Absent the traditional bases, a defendant must have such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

On a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing that personal jurisdiction exists. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Where, as here, the court considers the motion without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* A "prima facie" showing means that the plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016). The plaintiff cannot simply rest on the bare allegations of her complaint, but uncontroverted allegations in the complaint must be

1  taken as true. *Id.* at 1136. The Court may not assume the truth of allegations which are

2  contradicted by affidavit, but it resolves factual disputes in plaintiff's favor. *Id.*

3      **A. Traditional Bases of Jurisdiction**

4      The parties dispute whether Panama Real Estate Ventures, Inc.'s principal place of

5  business is California. This disagreement concerns the corporation's domicile. A

6  corporation will be deemed "domiciled" in its state of incorporation and where it has its

7  principal place of business. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

8  U.S. 915, 924 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) ("With respect

9  to a corporation, the place of incorporation and principal place of business are 'paradigm

10 . . . bases for general jurisdiction.'"). If Plaintiff carries its burden to show that Panama

11 Real Estate Ventures, Inc. is domiciled in California, then this Court will have personal

12 jurisdiction over that entity defendant.

13     Defendants present the translated Panamanian articles of incorporation of Panama

14 Real Estate Ventures, Inc. (Opp'n Ex. A.) The articles were recorded in the Republic of

15 Panama. The articles state that Panama Real Estate Ventures has a "domicile in the City

16 of Panama, Republic of Panama." (*Id.* at 2.) The sixth section of the articles elaborates

17 that "[a]s long as the Board of Directors does not resolve[] otherwise, the domicile of the

18 corporation will be in Panama City, Republic of Panama, but the corporation could carry

19 on its business and conduct its activities and establish offices and branches in any other

20 place in the Republic of Panama and anywhere in the world." (*Id.* at 3.)

21     Plaintiff offers nothing but conclusory allegations to counter the statements in the

22 articles of incorporation. Plaintiff's argument relies on three prongs: She contends that

23 the company is domiciled here because (1) the articles authorize business and offices

24 anywhere in the world, (2) the initial directors and officers of the company—Roberts,

25 O'Riordan, and Michael Gallagher—are domiciled in California, and (3) the events that

26 gave rise to the Complaint occurred in the County of San Diego. However, none of these

27 considerations bear on where a corporation's principal place of business is deemed to be.

28 A company's principal place of business is "where a corporation's officers direct, control,

5

and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "It is . . . the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Plaintiff does not offer any facts to demonstrate that Panama Real Estate Ventures, Inc.'s nerve center is in the State of California. Plaintiff fails to carry her burden to establish personal jurisdiction on the basis of domicile in the State of California.

Neither of the other traditional bases of jurisdiction apply. Panama Real Estate Ventures, Inc. has not consented to jurisdiction because it has filed a motion to dismiss for lack of personal jurisdiction. *See SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007). And, in-state service of an officer of a foreign corporation, which Plaintiff allegedly did here when it served Timothy Roberts (Proof of Service, ECF No. 5), does not suffice to establish personal jurisdiction over a foreign corporation. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1067-69 (9th Cir. 2014) (holding that service of summons and complaint on foreign defendant's vice president while he was in California did not give court personal jurisdiction over defendant).

### B. Minimum Contacts

To exercise personal jurisdiction on the basis of a foreign defendant's minimum contacts with the forum state, the defendant's "conduct and connection with the forum state" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297 (1980). There are two kinds of jurisdiction that a state's courts may exercise over an out-of-state defendant. The first, general jurisdiction, is not applicable here. General jurisdiction allows a defendant to be brought into court for its activities anywhere in the world, untethered from its specific contacts with the forum. *Martinez,* 764 F.3d at 1066. "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state." *Id.* (quoting *Daimler*, 134 S. Ct. at 751). As noted, the paradigmatic locations

3:16-cv-01437-BEN-DHB

where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. *Daimler*, 134 S. Ct. at 760. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez*, 764 F.3d at 2070 (quoting *Daimler*, 134 S. Ct. at 761 n.19). In this case, Panama Real Estate Ventures, Inc. is not incorporated in California, and Plaintiff has not shown that its principal place of business is in California. Furthermore, there are no allegations about its contacts with the State to justify treating it as an "exceptional case."

The second kind of personal jurisdiction is called specific jurisdiction. Specific jurisdiction exists "when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Martinez*, 764 F.3d at 1066 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). The Ninth Circuit uses a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable.

*Lindora, LLC*, 198 F. Supp. 3d at 1138 (quoting *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015)). The plaintiff has the burden of proving the first two prongs and, if met, the burden shifts to the defendant to "set forth a compelling case" as to the third. *Id.*

Here, the Court need not address the second and third prongs because Plaintiff fails to meet her burden as to the first. The complaint is devoid of any

7

factual allegations about how Panama Real Estate Ventures, Inc. purposefully directed its activities towards the State of California. Indeed, it is unclear how Panama Real Estate Ventures, Inc. was involved in the transaction at all. Plaintiff merely alleges that "each entity defendant," including Panama Real Estate Ventures, Inc., "was a co-venturer with Defendant Roberts and a participant in and beneficiary of the acts complained of." (Compl. ¶9.) The Complaint does not contain any other allegations about Panama Real Estate Ventures, Inc. This allegation is insufficient to find that Defendant Panama Real Estate Ventures, Inc. "committed an intentional act expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state." *Lindora*, 198 F. Supp. 3d at 1138 (explaining the purposeful direction test).

In sum, Plaintiff has not carried her burden to establish personal jurisdiction over Panama Real Estate Ventures, Inc. either on the traditional bases of jurisdiction or on the basis of minimum contacts with the forum state of California.

## II. Failure to State a Claim

Defendants move to dismiss the first and third claims for relief as failing to state a claim because the transaction at issue did not involve a security. Rather, Defendants contend that Plaintiff has alleged that she made a loan to Roberts on which she "expected to receive the principal balance of the loan and any other interest that accrued on the principal balance of $250,000." (Mot. at 6.) Plaintiff counters that Defendants have created an alternative set of facts that are not set forth in the Complaint. (Opp'n at 7.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

8

is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Although the parties do not identify the elements of the first and third claims for relief, each contend that a "security" is necessary for each. Therefore, this Court will assume that the existence of a "security" is required. Both the Securities Act of 1933 and the California Corporations Code provide similar, expansive definitions of the term "security." *See* 15 U.S.C. § 77b(a)(1); Cal. Corp. Code § 25019. Under those statutes, a "security" includes "any note, stock, . . . security future, . . . bond, . . . evidence of indebtedness, . . . certificate of interest or participation in any profit-sharing agreement, . . . investment contract, . . . . or, in general, any interest or instrument commonly known as a 'security.'" § 77b(a)(1); *see also* § 25019. Both the federal and California courts have rejected a literal reading of these definitions. *See Warfield v. Alaniz*, 569 F.3d 1015, 1020 (9th Cir. 2009); *People v. Black*, 8 Cal. App. 5th 889, 900 (Ct. App. 2017).

Rather, in determining whether a particular transaction involves a security, federal and state courts apply the U.S. Supreme Court's test in *SEC v. Howey*, 328 U.S. 293 (1946). *Warfield*, 569 F.3d at 1020; *Black*, 8 Cal. App. 5th at 900. The *Howey* test asks "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." *Howey*, 328 U.S. at 301. In *Howey*, the Supreme Court found that defendants offered and sold a "security" where promoters offered land sale contracts for the purchase of orange groves, along with service contracts to cultivate and market the crops, with an allocation of the net profits going to the purchaser. *See id.* at 299-300.

"Although 'ordinary real estate investments . . . usually are not securities under either Federal or State law, the facts of each case determine whether or not particular instruments are securities.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1130 (9th Cir.

9

2013) (quoting *Teague v. Bakker*, 35 F.3d 978, 987 n.9 (4th Cir. 1994)). In this case, Plaintiff's Complaint is too ambiguous to satisfy the fact-driven *Howey* test. The Court must focus its inquiry on what Plaintiff was offered or promised. *Warfield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009) ("Under *Howey*, courts conduct an objective inquiry into the character of the instrument or transaction offered based on what the purchasers were 'led to expect.'"). According to the Complaint, the terms of Roberts's offer provided that if the Gallaghers gave cash consideration of $250,000, they would receive a 25% interest in a company that owned a piece of land, and they would receive a "return of 100% of [their] initial investment" within three to six months after the property purchase closed. (Compl. ¶ 16.)

Given this offer, it is questionable whether Plaintiff made an "investment of money" for which she expected "profits." The investment of money prong "requires that the investor commit his assets to the enterprise in such a manner as to subject himself to financial loss." *Warfield*, 569 F.3d at 1021 (internal citations omitted). Plaintiff appears to have not subjected herself to financial loss because Roberts promised that she would receive her $250,000 back shortly after the property was purchased.

As to an expectation of profits, "by profits, [the Supreme Court] has meant either capital appreciation resulting from the development of the initial investment . . . or a participation in earnings resulting from the use of investors' funds." *Id.* at 1023 (internal citation omitted). Here, the Gallaghers would receive a 25% interest in an entity that owned the land, but Plaintiff fails to allege what Roberts said the entity would do with the land. It appears that, after the Gallaghers made their "investment," Roberts attempted to develop the land. (Compl. ¶ 21.) However, the Complaint fails to allege that this was Plaintiff's understanding at the time of the offer and sale of the alleged security. Indeed, the Complaint suggests that Roberts and the Gallaghers may have intended to resell the Panama Property. (*Id.*, Introduction.) Courts have held that the profits element is not satisfied when profits are expected from appreciation in the value of property to be reaped upon resale, as opposed to the result of development of the land. *See Harman v.*

3:16-cv-01437-BEN-DHB

*Harper*, 914 F.3d 262 (9th Cir. 1990). Because Plaintiff does not allege that the Gallaghers were told they would receive investment-like profits, Plaintiff has not adequately alleged a security and consequently has failed to state a plausible claim.[4]

## III.  Pleading Fraud

Defendants move to dismiss the fourth claim for relief, one for fraud against Defendant Roberts, for failing to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[5]  Allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b).  "In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations, do not suffice." *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (requiring plaintiffs plead who, what, when, where, and how).

Here, Plaintiff alleges fraud in connection with the initial meeting in which Roberts offered the Gallaghers a 25% interest in the company owning the Panama Property and a 100% return on their investment in exchange for $250,000.  However, Plaintiff fails to satisfy the heightened pleading requirement because, at the least, Plaintiff does not allege when this allegedly fraudulent representation occurred.  Plaintiff also alleges that Roberts made a "series of additional representations [that] continued to perpetrate the misrepresentations and prevent Plaintiff from discovering the truth, providing her with information as late as 2016 to, in essence, keep her in the deal."  (Compl. ¶ 46.)  The Court notes that it is unclear which of Roberts's alleged "additional representations"

---

[4] The Court does not consider whether Plaintiff has sufficiently pled the other elements of a security under the *Howey* test.

[5] Defendants also argue in their Reply that the fraud claim is time-barred, but the Court will not consider that new argument as it was not raised in their original motion. *See Little v. Gore*, 148 F. Supp. 3d 936, 944 n2 (S.D. Cal. 2015) (explaining that the court need not consider new arguments raised for the first time in reply).

Plaintiff contends constitute fraud.  To the extent Plaintiff pleads fraud with respect to the allegations in paragraph 21, Plaintiff fails to allege when and where these alleged misrepresentations occurred.  The fraud claim is dismissed because Plaintiff has not pled with particularity.

## CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss.  The Court grants Plaintiff leave to file an amended complaint within twenty-one (21) days of the signature date of this Order.  *See* Fed. R. Civ. P. 15 ("The court should freely give leave [to amend] when justice so requires.").

**IT IS SO ORDERED.**

Dated:  April 11, 2017

Hon. Roger T. Benitez
United States District Judge